Acevedo Ayala v. Garland

BIA
Montante, IJ
A206 487 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:
> REENA RAGGI,
> RICHARD J. SULLIVAN,
> WILLIAM J. NARDINI,
> *Circuit Judges.*

_____

JONATHAN JAVIER ACEVEDO AYALA,
AKA JONATHAN ACEVEDO,
> *Petitioner,*

v.                                                                  No. 20-19
                                                                     NAC

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**  Mary Slattery, Karen L. Murtagh, Executive Director, Prisoners' Legal Services of New York, Albany, NY.

**FOR RESPONDENT:**  Jeffrey B. Clark, Acting Assistant Attorney General, Civil Division; Anthony C. Payne, Assistant Director; Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jonathan Javier Acevedo Ayala ("Acevedo"), a native and citizen of El Salvador, seeks review of a decision of the BIA affirming a decision of an Immigration Judge ("IJ") denying relief under the Convention Against Torture ("CAT").[1] *In re Jonathan Javier Acevedo Ayala*, No. A206 487 735 (B.I.A. Dec. 10, 2019), *aff'g* No. A206 487 735 (Immig. Ct. Batavia July 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions for the sake of completeness. *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

---

[1] Acevedo does not challenge the agency's denial of his application for withholding of removal.

2

2006). We review the agency's findings of fact for substantial evidence, and we review questions of law de novo. *Manning v. Barr*, 954 F.3d 477, 484 (2d Cir. 2020); *see also* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.").

Acevedo argues that the BIA improperly reviewed the evidence de novo in determining that he had failed to establish the frequency with which former or suspected gang members are tortured and killed in El Salvador. But nothing in the record suggests that the BIA usurped the role of the IJ as factfinder. To the contrary, the BIA found "no clear error" in the IJ's determination that "incidents of torture and killing of former or suspected gang members [in El Salvador] are isolated" and not more likely than not to occur, even though the evidence demonstrated that "gang-related violence" and "violent clashes between Salvadoran security forces and [active] gang members" are prevalent. Certified Admin. Record at 3–4; *cf. Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir. 2006) ("[A] review of the factual record by the BIA does not convert its discretionary determination as to whether a petitioner warrants an adjustment of status into improper factfinding.").

3

Nor did the BIA engage in impermissible factfinding by considering the State Department's 2017 Human Rights Report. In its decision, the BIA reasonably concluded that the IJ's citation to just three of the country condition reports and articles in the record did not suggest that the IJ had overlooked the remaining evidence. *See Xiao Ji Chen v. U.S. Dep't of Just.*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (noting the general "presum[ption] that an IJ has taken into account all of the evidence before him"). In any event, the BIA's consideration of the 2017 report was not for factfinding purposes, but rather to reject Acevedo's contention that the IJ had failed to review relevant evidence.

There is also no merit to Acevedo's argument that the agency ignored and mischaracterized evidence in determining that he had failed to establish that he would be tortured in El Salvador. A CAT applicant has the burden of establishing that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). To show that torture is "more likely than not," an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured." *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003).

4

We find no error in the agency's determination that the evidence established that gang violence and violence between active gangs and police is prevalent in El Salvador, but that the torture and killing of former or suspected gang members, such as Acevedo, is isolated. Acevedo does not point to evidence that compellingly suggests that the agency ignored or mischaracterized evidence in making that determination. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Accordingly, the agency did not err in concluding that Acevedo failed to establish that he would more likely than not be tortured. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Mu-Xing Wang*, 320 F.3d at 144.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5